**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE: COOK INCORPORATED,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION           MDL No. 2440

---

THIS DOCUMENT RELATES TO:

*Judy Diann Odom v. Cook Inc., et al.*           Civil Action No. 2:13-cv-30345

**MEMORANDUM OPINION AND ORDER**

On July 21, 2017, pursuant to Rules 16(a)(5) and 37(b)(2)(A) of the Federal Rules of Civil Procedure, I granted a motion to show cause and took under advisement a motion to dismiss made by defendants Cook Incorporated, Cook Biotech, Inc., and Cook Medical, LLC (formerly known as Cook Medical, Inc.) ("Cook") for the plaintiff's failure to appear at a mandatory settlement conference. [ECF No. 31]. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when ruling on a motion to dismiss under Rule 37(b)(2)(A). *See* Order at 4–6 [ECF No. 31] (applying the *Wilson* factors to Ms. Odom's case).[1] Concluding that the first three factors weighed in favor of sanctions as requested by Cook, I nevertheless declined to award dismissal because it would offend the court's duty under *Wilson's* fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I ordered that the plaintiff pay Cook a $500.00 monetary sanction and that, in the event the plaintiff failed to pay Cook $500.00 within

---

[1] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

thirty days, the plaintiff's claims against Cook would be dismissed with prejudice without further notice to the plaintiff. I also directed the Clerk to send a copy of the Order to the plaintiff via certified mail, return receipt requested, and to post the Order on the court's website for thirty days. On August 23, 2017, Cook advised me that the plaintiff has not complied with my Order. In addition, the plaintiff has not filed a pleading or responded to my Order.

Accordingly, the court **ORDERS** that the plaintiff's claims against Cook are **DISMISSED with prejudice**. Because no other defendants remain in the case, the plaintiff's case is closed and stricken from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to the plaintiff via certified mail, return receipt requested, and to counsel.

    ENTER:    August 29, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE